UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| VICTORIO MORGAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CAUSE NO. 3:07-CV-0277 WL |
| ) | |
| SUPERINTENDENT, WESTVILLE ) | |
| CORRECTIONAL FACILITY, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

Petitioner Victorio Morgan, a prisoner confined at the Westville Correctional Facility, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 dealing with demotion in credit time earning classification in a prison disciplinary hearing. On March 4, 2007, Correctional Officer Dziedzinski wrote a conduct report accusing the petitioner of possession of unauthorized substances. On March 12, 2007, a disciplinary hearing board ("DHB") found Mr. Morgan guilty and imposed a six month phone restriction, a deprivation of 360 days of earned credit time, and a demotion in credit time earning classification. He appealed unsuccessfully to the superintendent and the final reviewing authority.

Where prisoners lose good time credits or are demoted in credit time earning classification at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present exculpatory evidence in defense when

consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, *Wolff v. McDonnell*, 418 U.S. 539 (1974), and "some evidence" to support the decision of the prison disciplinary board. *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

The petitioner presents two claims in his petition. His first claim, found in grounds one and two of the petition, is that the evidence is insufficient to support a finding of guilt. In ground one, he asserts that the evidence is insufficient because "the reporting officer found a bag on the shower area floor while shakeing (sic) down myself with six (6) other offenders," (petition at p. 3), and in ground two he asserts that the reporting officer's witness statement conflicts with the conduct report.

Due process requires "some evidence" to support the decision of the prison disciplinary board." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. at 455. The petitioner asserts that the bag containing tobacco and marijuana Officer Dziedzinski found was in the shower, and could have belonged to any of the six inmates in the shower area. In the conduct report, however, Officer Dziedzinski states that he "watched offender Morgan, Victorio #362246 drop a small bag out of his pocket and step on it with his right foot." (Docket #12-1). According to the conduct report, Officer Dziedzinski told Morgan to pick up his foot, and when Morgan lifted his foot the officer retrieved the bag of prohibited substances that formed the basis for the charge against Morgan.

The amount of evidence needed to support a finding of guilt in prison disciplinary hearings is very modest; there need only be "some evidence" to support the decision of the prison disciplinary board." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. at 455. The "some evidence" standard "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Id.* at 457. A reviewing court must uphold a finding of guilt if "there is any evidence in the record that could support the conclusion reached" by the board. *Id.* at 457. In the appropriate circumstances, the conduct report alone may be sufficient evidence to support a finding of guilt. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

> The line between constitutional adequacy and inadequacy is a fine, but important one. When the committee writes "based on all available evidence the resident is guilty," no agency or court can discern the basis for the Committee's rulings. If, however, the committee writes "resident is lying," or "the guard saw him therefore . . . ," or "resident admits he committed the act charged," or another statement establishing the evidence underlying its decision, then the inmate is protected from mischaracterization of the disciplinary action when it comes under review.

*Redding v. Fairman*, 717 F.2d 1105, 1116 (7th Cir. 1983).

Officer Dziedzinski stated in the conduct report that he saw Morgan try to hide the bag of contraband, and the DHB credited this report. This is sufficient evidence to support a finding of guilt. Morgan argues that Officer Dziedzinski's witness statement is inconsistent with the conduct report. In his witness statemnt, Officer Dziedzinski states that "there were 5 offenders in the shower area at the time of the shakedown. 3 of which were searched before offender Morgan and these 3 offenders had no contraband. Then

3

Morgan was searched (conduct report). Then all offenders [were] told to leave the area, except for offender Morgan. *conduct report correct*" (Docket # 12-5). This does not conflict with the conduct report in any respect, and does not undermine the DHB's reliance on Officer Dziedzinski statement in the conduct report that he observed Morgan try to hide the contraband.

The petitioner's second claim, found in grounds three and four of his petition, is that the DHB violated Indiana Department of Correction ("IDOC") policy because the hearing occurred more than seven days after the conduct report was written, and in ground four, in which Morgan asserts that the DHB chairman changed the date on his hearing form from March 14, 2007 to March 12, 2007, to make it appear that the hearing was held within seven working days of the charges having been brought.

In ground three, the petitioner states that pursuant to IDOC policy, a hearing is to be conducted within seven days of the charges being filed, and that "the 7 working day due to D.O.C. policy had expired" before his hearing was conducted. (Petition at p. 3). But even if the hearing was conducted more than seven working days after the conduct report was written, and even if the DBH chairman placed the wrong date on the form, it states no claim upon which habeas corpus relief can be granted. Due process requires that a prisoner charged with a disciplinary offense be given "advance written notice of the charges against [him] at least twenty-four hours before the hearing." *Henderson v. U.S. Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994), citing *Superintendent v. Hill*, 472 U.S. at 454 and *Wolff v. McDonnell*, 418 U.S. at 566. *Wolff*, however, does not establish that

4

prisoners are entitled to have the hearing held within a certain length of time of the incident.

The Adult Disciplinary Policy, the IDOC policy Morgan relies on, was created under authority of state law. Violations of state law do not entitle prisoners to habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62 (1991). A Violation of IDOC rules states no claim for habeas corpus relief. *Hester v. McBride*, 966 F.Supp. 765, 774-75 (N.D.Ind 1997).

For the foregoing reasons, the court DENIES this petition.

**SO ORDERED**

DATED: March 3, 2008

                                        **S/William C. Lee**
                                        William C. Lee, Judge
                                        United States District Court